[Civ. No. 4292.  Third Appellate District.—July 23, 1931.]

NELLIE S. FEENY, Respondent, v. WILLIAM F. SMILEY et al., Appellants.

Garner White for Appellants.

Roane Thorpe for Respondent.

JAMISON, J., *pro tem.*—The main contention of the appellants on this appeal is that the evidence is not sufficient to support the judgment.

It is admitted that on the twenty-fifth day of April, 1927, defendant William F. Smiley was, by written instrument, appointed the trustee of plaintiff to receive for her certain money amounting to $8,500 from Orson L. Early, and that on or about the fifth day of August, 1927, the appellant William F. Smiley had in his possession, as such trustee, under said written instrument a sum in excess of $1500, which he had received from the said Early.

There was evidence produced on the part of plaintiff to the effect that she reposed confidence and trust in appellant William F. Smiley, and for that reason had appointed him her trustee; that on or about the fifth day of August, 1927, appellant William F. Smiley represented to respondent that he was in trouble with one Minnie Handley to whom he had sold a tract of land for $5,250; that she was suing him for the return of her money; that he desired respondent to help him out of said difficulty by buying said tract of land, and that if she would do so, he would sell the same within a short time and make her a profit, or that if he failed to sell the land in a short time he would return her money. He further stated to her that he had enough money in his hands, as trustee, to make a down payment of $1500 for her.

Respondent informed Smiley that she did not want the property and did not wish to buy it, but was willing to help him temporarily, if he could sell the land within a short time, so that she would be repaid her money, and failing in that he would return her money and upon the assurance of Smiley that he would do so, she agreed to purchase the property; that the purchase price was $5,250 upon which the $1500 held by Smiley, as trustee, was applied and two notes for $2,000 and $1750 were signed by respondent in favor of Jennie Smiley and same were secured by two deeds of trust aggregating the sum of $3,750; that respondent was induced to enter into said deal and make the purchase of said property solely by reason of the representations made to her by appellant Smiley, and that but for said representations she would not have purchased it.

It is admitted by the amended answer that respondent demanded of appellants the return of the $1500 and that she offered to return everything she had received under the said sale to her of said land, but the appellants, and each of them, refused and still refuse to comply with her demand.

Respondent was corroborated in her statements regarding the representations made to her by appellant Smiley by the testimony of Jane Garn and F. W. Rinehart, who were present when the representations were made by appellant to respondent and by Louise O'Connelly, who was present

at a subsequent interview · respondent had with appellant Smiley.

█ The claim of appellants that the court erred in finding that appellants were the owners of the tract of land in question on the fifth day of August, 1927, is without foundation. In the first place, it is admitted that one of the appellants, Jennie Smiley, was the owner. This is no evidence that it was her separate property. On the other hand, the escrow instructions, filed as an exhibit, show that this tract was conveyed by quitclaim deed to Jennie Smiley and William F. Smiley by Minnie Handley and Albert M. Handley and that appellants joined in the deed conveying the property to respondent.

Appellants also contend that the following finding is not supported by the evidence: "That plaintiff during all of the times mentioned in the complaint herein reposed great confidence and trust in the defendant William F. Smiley and had for that sole reason appointed him trustee; that said plaintiff had not had any experience in business dealings of any kind and accepted without question the business advice of her said trustee, the said William F. Smiley."

Appellant testified that she had perfect confidence in Smiley; he was her trustee, and she thought, of course, he would look out for her interests; that she never did any business in regard to this piece of property or any other property that was discussed without his advice.

It is evident from her testimony that she had the utmost confidence in Smiley and the inference is fairly deducible that it was owing to that confidence that she selected him as her trustee, and as such relied upon him.

Appellants take the position that in the agreement between Early and respondent Smiley was merely a depositary, although named as trustee, and cites numerous authorities to the effect that a depositary under those conditions is merely the agent of the parties for a limited purpose. However that may be, the acceptance by respondent of Smiley as her trustee under the terms of that agreement, supports the claim of respondent that she had confidence in him and trusted him.

█ Appellants claim that to establish a trust relationship there must be a transfer of the legal title to the trustee.

This is not the law. A trust may be established in many ways. It may be established where the bond between the parties is merely one of friendship. (25 Cal. Jur., p. 130; *Palladine* v. *Imperial Valley F. L. Assn.,* 65 Cal. App. 727, at 745 [225 Pac. 291, 299], where the court said: "It has been held that where men deal as friends, and one accepts as true false representations by the other, into which, but for the relation of friendship, he would have made inquiry, the law protects him in his trust.")

The evidence produced by respondent in this case clearly shows that she relied wholly and entirely upon the representations of Smiley. She testified that she made no personal examination of the property, nor any independent investigation regarding it prior to its purchase by her. She did not regard it as a *bona·fide* sale of the property to her, but merely as a temporary means of relieving Smiley from the trouble he was experiencing from the suit brought against him by Minnie Handley.

Appellants moved for a new trial, which was denied and judgment was thereupon rendered.

While the evidence was conflicting, there is substantial evidence to support the findings of the trial court, and such being the case, the judgment must be affirmed.

It is so ordered.

Preston, P. J., and Thompson (R. L.), J., concurred.